# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

TIMOTHY LEWIS,

        Plaintiff,

v.

MICHAEL B. ROBERTS, et al.,

        Defendants.

Civil Action No. 18-10135 (BRM)(DEA)

**OPINION**

Before this Court is *pro se* pre-trial detainee Timothy Lewis's ("Plaintiff") civil rights complaint, filed pursuant to 42 U.S.C. § 1983, and application to proceed *in forma pauperis*. (ECF Nos. 1, 3.) Having reviewed Plaintiff's affidavit of indigence (ECF No. 3), Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and the Clerk of the Court shall file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, and for good cause appearing, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

According to the Complaint, Plaintiff's court-appointed private attorney, defendant Michael B. Roberts ("Roberts"), is "in collusion with the Criminal Court Middlesex County Superior Division and he is violating [Plaintiff's] rights by not allowing [him] to represent

[himself]." (ECF No. 1 ¶ 4(b).)[1] Roberts no longer allows Plaintiff to come to court for appearances. (*Id.* at ¶ 6.) Defendant John H. Johnson ("Johnson"), the Supervisor of the Middlesex County Public Defender's Office, is, according to Plaintiff, allowing Roberts to prevent Plaintiff from representing himself in his criminal proceeding. (*Id.* at ¶ 4(c).) Plaintiff seeks unspecified injunctive relief. (*Id.* at ¶ 7.)

## II. LEGAL STANDARD

### A. Standard for a Sua Sponte Dismissal

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d

---

[1] The factual allegations are taken from the Complaint and are accepted as true for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**III. DECISION**

Plaintiff's claims against Roberts and Johnson are subject to dismissal because neither public defenders nor private attorneys are "state actors" under § 1983.[2] *See Vermont v. Brillon*,

---

[2] Plaintiff also names Joseph Krakora in the Complaint, however, he does not provide any information about this individual or allege any specific facts against him. As such, he will be dismissed without prejudice.

3

556 U.S. 81, 91 (2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.") (citation and quotation omitted); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (noting that public defenders and private attorneys are not state actors when acting as defense counsel and "are absolutely immune from civil liability under § 1983" for actions taken in that capacity). More specifically, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Carter v. Kane*, No. 17-3026, 2017 WL 6523355, at *2 (3d Cir. Dec. 21, 2017). The allegations against these individuals are in their capacity as counsel to a defendant in a criminal proceeding. Therefore, Plaintiff has not satisfied the "under color of state law" element of § 1983.

However, where a public defender conspires with the State to deprive an individual of his rights, the public defender is not immune from civil liability under § 1983. *See Tower v. Glover*, 467 U.S. 914, 916–20 (1984) (finding a public defender who allegedly conspired with judges and the state attorney general to obtain the criminal defendant's conviction was acting under color of state law); *Bierley v. Abate*, 661 F. App'x 208, 209 n.3 (3d Cir. 2016) (noting "private individuals may nonetheless be liable under § 1983 if they have conspired with or engaged in joint activity with state actors").

In order to plead conspiracy under § 1983, a plaintiff must "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). A bare allegation of an agreement is insufficient to sustain a conspiracy claim. *See Brown v. Deparlos*,

4

492 F. App'x 211, 215 (3d Cir. 2012). Furthermore, "a § 1983 conspiracy claim is not actionable without an actual violation of § 1983." *Cherry v. Borough of Tuckerton*, No. 16–505, 2016 WL 7030428, at *3 (D.N.J. Dec. 1, 2016) (internal quotation marks and citations omitted).

Here, Plaintiff states the three defendants are not letting him represent himself and Roberts is "in collusion" with the Middlesex County Superior Court. Such bare allegations of a conspiracy fail to satisfy the pleading standard under *Iqbal*. *See Twombly*, 550 U.S. at 556–57 (finding that, at the pleading stage, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"); *Himchak v. Dye*, 684 F. App'x 249, 253 (3d Cir. 2017) (conclusory allegations of conspiracy are not sufficient to plead a claim these attorneys conspired with any state actors).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, Plaintiff may file an amended complaint accompanied by a motion to reopen this case. An appropriate order will follow.

Dated: August 2, 2018

                                              */s/ Brian R. Martinotti*
                                              HON. BRIAN R. MARTINOTTI
                                              UNITED STATES DISTRICT JUDGE