# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY LEWIS, | |
| Plaintiff, | Civil Action No. 18-10135 (BRM) |
| v. | **MEMORANDUM OPINION** |
| MICHAEL B. ROBERTS, et al., | |
| Defendants. | |

Before this Court is *pro se* pre-trial detainee Timothy Lewis's ("Plaintiff") Amended Complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 6.) On August 2, 2018, the Court entered an Opinion and Order dismissing Plaintiff's initial Complaint (ECF No. 1) for failure to state a claim upon which relief may be granted but gave Plaintiff leave to file an amended complaint (ECF Nos. 4, 5). His Amended Complaint is currently before this Court for screening pursuant to 28 U.S.C. §§ 1915, 1915A.

In the Amended Complaint, Plaintiff again names his court-appointed private attorney, Michael B. Roberts, and John H. Johnson, Supervisor of the Public Defenders Office, as defendants. (Am. Compl. ¶ 4.) With regards to Defendant Roberts, he is allegedly "in collusion with the Criminal Court Middlesex County Superior Division and he is violating [Plaintiff's] rights by not allowing [him] to represent [himself]." (Compl. ¶ 4(b).)[1] He further alleges Defendant Roberts "conspired with various state officials, including with the trial court judge and with [an]

---

[1] The factual allegations are taken from the Amended Complaint and are accepted as true for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

assistant prosecutor in the Middlesex County Prosecutors Office of New Jersey to secure Plaintiff's conviction." (Am. Compl. ¶ 6.) Defendant Johnson is allowing Defendant Roberts to prevent Plaintiff from representing himself in his criminal proceeding. (*Id.* ¶ 4(c).) Plaintiff is seeking injunctive relief in the form of dismissal of the charges and a temporary restraining order against Defendant Roberts because he is "scared of him." (Am. Compl. ¶ 6.) Plaintiff is also seeking monetary damages. (*Id.*)

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir.

2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Here, the allegations in Plaintiff's Amended Complaint are nearly identical to the allegations contained in his initial Complaint. As the Court previously informed him, his claims against Defendants Roberts and Johnson are subject to dismissal because neither public defenders nor private attorneys are "state actors" under § 1983. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor . . . .")(citation and quotation omitted); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (finding public defenders and private attorneys are not state actors when acting as defense counsel and "are absolutely immune from civil liability under § 1983" for actions taken in that capacity). More specifically, "a public

defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Carter v. Kane*, No. 17-3026, 2017 WL 6523355, at *2 (3d Cir. Dec. 21, 2017). The allegations against these individuals are in their capacity as counsel to a defendant in a criminal proceeding. Thus, Plaintiff has not satisfied the "under color of state law" element of § 1983.

As the Court also previously advised him, where a public defender conspires with the State to deprive an individual of his rights, the public defender is not immune from civil liability under § 1983. *See Tower v. Glover*, 467 U.S. 914, 916–20 (1984) (finding a public defender who allegedly conspired with judges and the state attorney general to obtain the criminal defendant's conviction was acting under color of state law); *Bierley v. Abate*, 661 F. App'x 208, 209 n.3 (3d Cir. 2016) (noting "private individuals may nonetheless be liable under § 1983 if they have conspired with or engaged in joint activity with state actors"). In order to plead conspiracy under § 1983, a plaintiff must "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). A bare allegation of an agreement is insufficient to sustain a conspiracy claim. *See Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012).

While it is not clear, Plaintiff appears to argue Defendants and the state court and/or prosecutors entered into a conspiracy to convict him, thereby rendering Defendants "state actors." (Am. Compl. at 109.) But he provides no facts to support such an allegation. *See Twombly*, 550 U.S. at 556–57 (noting that, at the pleading stage, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"); *Himchak v. Dye*, 684 F. App'x 249, 253 (3d Cir. 2017)

(conclusory allegations of conspiracy are not sufficient to plead a claim these attorneys conspired with any state actors); *Kennedy v. City of Philadelphia*, 749 F. App'x 90, 94 (3d Cir. 2018) (same).

To the extent he is suggesting Defendants and the state court conspired to prevent Plaintiff from representing himself, again, he provides no facts. *Id.* To the contrary, the exhibits he provides from the state criminal proceedings show Defendant Roberts in fact filed a motion on Plaintiff's behalf seeking permission to allow Plaintiff to proceed *pro se*, which the court granted. (ECF No. 6 at 33-36.) Though the court thereafter rescinded its order due to Plaintiff's behavior, it is clear from the transcript Defendant Roberts did not conspire with the court for such a result, as Defendant Roberts actually objected to being reassigned as Plaintiff's counsel. (Motion Hearing Transcript 50:1-51:10, June 19, 2018, ECF No. 6 at 76.)

In short, Plaintiff has alleged no facts which would suggest a conspiracy between Defendants and a state actor; as a result, Defendants were not acting "under color of state law" pursuant to § 1983.

Therefore, for the reasons stated herein and in the Court's prior Opinion and Order, the Amended Complaint is dismissed without prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.[2] In light of his *pro se* status, the Court will grant Plaintiff a final opportunity to move to re-open this case and to file a second amended complaint which addresses the deficiencies identified in this Memorandum Opinion. An appropriate order follows.

Dated: May 9, 2019

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[2] To the extent he intended to raise any state law claims, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

5